IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



IVORY GHEE,                    )
                               )
            Plaintiff,         )
                               )
      v.                       )    No.  05 C 2275
                               )
LUSTER PRODUCTS, et al.,       )
                               )
            Defendants.        )

## MEMORANDUM ORDER

This Court's brief December 13, 2005 memorandum order pointed counsel for defendant Luster Products, Inc. ("Luster") to the second sentence of Fed. R. Civ. P. ("Rule") 8(b) and App. ¶1 to the opinion in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001), directing Luster's counsel to correct the unacceptable form of disclaimer that had been employed in its Answer ¶¶1 and 25. Despite the unambiguous nature of the roadmap marked out in that sentence as the basis for a deemed denial, here is the equally unacceptable form that counsel has come up with in each of those paragraphs in the First Amended Answer to the Complaint brought against Luster by its ex-employee Ivory Ghee ("Ghee"):

> It is Luster's belief that it is without sufficient knowledge or information to admit or deny Plaintiff's age.

That departure from the Rule is not merely semantic, for a "belief" of the nature set out in that responsive pleading is by definition wholly subjective--and, because it does not

meet the objective standard set by Rule 8(b),[1] is unacceptable (see Rule 11(b)). Indeed, that unacceptability is graphically demonstrated by the information Luster acknowledges it has: Its attached Ex. 1, a February 2005 Discharge Summary Report from Provident Hospital that refers to Ghee as "a 50-year-old male," would place his date of birth in 1954 or 1955, while the other attachment to Luster's responsive pleading, Ghee's December 13, 1999 application for employment, shows him as having attended Wendell Phillips High School here in Chicago from 1960 to 1964 (graduating in the latter year) and then Crane Junior College from 1964 to 1966 (again graduating in the latter year).

Thus according to Luster's stated "belief" of an inability to respond to Ghee's allegations that he is now 61 years old (Complaint ¶1) and was 59 years old at the time of the complained-of alleged discrimination (Complaint ¶25), Ghee would have had to graduate from high school at the age of 9 or 10 and from a two-year junior college at the age of 11 or 12. Precocity has its limits, and there is no reasonable way in which a proper Rule 8(b) disclaimer can be asserted under the circumstances. As foreshadowed in the December 13 memorandum order, the First

---

[1] As Rule 8(b) expressly dictates, the "belief" that the pleader must disavow has to do with the truth of the plaintiff's allegation and is measured by an objective yardstick, the extent of the pleader's knowledge and information. In the odd way that counsel has reshaped the disclaimer, Luster's belief could be totally unreasonable.

2

Amended Answer ¶¶1 and 25 are stricken, and the allegations of Complaint ¶¶1 and 25 are deemed admitted.

                              */s/ Milton I. Shadur*
                              Milton I. Shadur
                              Senior United States District Judge

Date: December 27, 2005